UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. DRAKE, | No. C-11-6251 EMC (pr) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| VIMAL SINGH, Acting Warden, | |
| Respondent. | |

## I. INTRODUCTION

Justin S. Drake, an inmate at the California Medical Facility - Vacaville ("CMF - Vacaville"), filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II. BACKGROUND

The petition provides the following information: Drake was convicted in Santa Cruz County Superior Court of "grand theft firearm." Petition, p. 2. On September 4, 2008, he was sentenced to 180 days in jail and 36 months of probation. He does not state whether his probation was violated, but does allege that he is now in custody serving the sentence on the grand theft conviction. *See id.*

Drake appealed. The judgment of conviction was affirmed by the California Court of Appeal in 2010 and the petition for review was denied by the California Supreme Court in 2010. Drake then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Liberally construed, the petition alleges that Drake's nolo contendere plea violated due process because it was not voluntary and intelligent. Although the petition does not use the phrase "due process," it does cite to *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969), and *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), cases in which the Supreme Court explained that due process requires that a guilty plea be both voluntary and intelligent.

The petition also alleges Drake is not receiving adequate medical care in custody. That claim is beyond the scope of this habeas action, which concerns the constitutionality of Drake's criminal conviction. If Drake wants to complain about his medical care or any other condition of confinement, he should file a civil rights complaint under 42 U.S.C. § 1983. Any complaint about the medical care or other conditions at the CMF - Vacaville should be filed in the U.S. District Court for the Eastern District (*i.e.*, in Sacramento), because CMF - Vacaville is located in that judicial district.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition's due process claim warrants a response. The medical care claim is dismissed without prejudice to Petitioner filing a civil rights complaint about it.

2

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon Petitioner, on or before **April 20, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **May 25, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 2, # 4).

IT IS SO ORDERED.

Dated: February 16, 2012

EDWARD M. CHEN  
United States District Judge